UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERT J. SCHORNIK,

     Plaintiff,

v.                                                            Case No. 2:26-cv-580-KCD-NPM

LEE COUNTY JAIL,

     Defendant.

_____/

## **ORDER**

Plaintiff Robert J. Schornik, a pre-trial detainee in the custody of the Lee County Jail (LCJ), initiated this action by filing a civil rights complaint (Doc. 1) and a motion to proceed *in forma pauperis*. (Doc. 2). He subsequently filed a Request for Production of Documents (Doc. 4) and a motion for legal materials (Doc. 5). In his complaint, Schornik alleges that two officers at LCJ subjected him to cruel and unusual punishment by placing him in a jail cell that had feces on the walls, floor, and ceiling. After examining the pleadings in accordance with 28 U.S.C. § 1915(e)(2)(B),[1] the Court concludes that the

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this Court will have his complaint screened in accordance with 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the Court to dismiss a prisoner's civil action prior to service of process if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

complaint must be dismissed because it fails to state a claim upon which relief may be granted.

## I. Discussion

Dismissals for failure to state a claim under § 1915(e)(2)(B)(ii) are governed by the same standard as those under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); s*ee also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In other words, a complaint may not rest on "naked assertions[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678.[2] Instead, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

As explained below, Schornik does not state a viable claim because he has not identified a defendant subject to suit under 42 U.S.C. § 1983.

Schornik names the LCJ as the only defendant in his complaint. (Doc. 1 at 1−2.) To state a viable § 1983 claim, the legal entity sued must be subject to

---

[2] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and subsequent citations.

suit. *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). The capacity of a governmental corporation to be sued in federal court is governed by the law of the state in which the district court is located. *Id*. at 1214; Fed. R. Civ. P. 17(b). And Florida law does not recognize a jail facility as a legal entity separate and apart from the Sheriff charged with its operation and control. *See generally* Chapter 30, Florida Statutes; *Monroe v. Jail*, 2015 WL 7777521, at *2 (M.D. Fla. Dec. 3, 2015) ("The jail is not an actionable legal entity because it does not enjoy a separate legal existence independent of the County or the Sheriff's Office."); *Mellen v. Florida*, 2014 WL 5093885, at *8 (M.D. Fla. Oct. 9, 2014) (recognizing that sheriff's offices and jail facilities are not amenable to suit under section 1983). Thus, the complaint is dismissed because it does not name a defendant subject to suit. 28 U.S.C. § 1915(e)(2)(B)(ii), (iii).

Even if the Court liberally construes the complaint as naming the Lee County Sheriff, Schornik does not provide a single factual allegation suggesting that the Sheriff was personally involved in his placement in the jail cell or that the Sheriff had a policy or custom of housing detainees or prisoners in jail cells with unconstitutional conditions. In short, Schornik's factual allegations do not raise his right to relief above the speculative level. *Twombly*, 550 U.S. at 555.

Accordingly, it is **ORDERED**:

1. This case is **DISMISSED without prejudice** because Schornik has not stated a claim on which relief may be granted. Schornik may file a new lawsuit, with a new case number, against defendants amenable to suit.

2. The Clerk is **DIRECTED** to terminate any pending motions as moot, close this case, and enter judgment accordingly.

**ENTERED** in Fort Myers, Florida, on April 23, 2026.


Kyle C. Dudek
United States District Judge

4